## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LYNDA GARDNER,<br><br>        Plaintiff,<br><br>v.<br><br>BRUCE L. NELSON,<br><br>        Defendant. | **REPORT AND RECOMMENDATION GRANTING [11] MOTION TO DISMISS AND DENYING AS MOOT [6] MOTION FOR INJUNCTION AND MOTION TO STAY**<br><br>Case No. 2:25-cv-00511-HCN-CMR<br><br>Judge Howard C. Nielson, Jr<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 8). Before the court is Defendant Judge Bruce L. Nelson's (Defendant or Judge Nelson) Motion to Dismiss (ECF 11) regarding Plaintiff Lynda Gardner's (Plaintiff or Gardner) Complaint (ECF 1 or Compl.), Plaintiff's Opposition (ECF 12), Defendant's Reply (ECF 14), and Plaintiff's Sur-Reply (ECF 16).[1] Also before the court is Plaintiff's Motion for Injunction and Motion to Stay (ECF 6). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons below, the undersigned RECOMMENDS that the court GRANT Defendant's Motion to Dismiss (ECF 11) and DENY as moot Plaintiff's Motion for Injunction and Motion to Stay (ECF 6).

---

[1] The court notes that Plaintiff's Sur-Reply (ECF 16) was improperly filed, as it was filed without court authorization as required under DUCivR 7-1(a)(9). Despite Plaintiffs' pro se status, she is still obligated to follow this court's rules and procedures. *See Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). That said, it appears that Plaintiff's Reply (ECF 14) was her attempt to seek court approval for a sur-reply, and while such a request in a reply is improper (DUCivR 7-1(a)(3)), the court will consider this her motion. As such, the court finds that in the interest of justice, it will consider Plaintiff's improperly filed Sur-Reply.

1

## I.    BACKGROUND

Plaintiff brings this action against Judge Nelson of the Ute Indian Tribal Court seeking correction of a default judgment in *Guzman v. Gardner*, Case No. CV00045-24.1 (referred to as the Tribal Court Case) (Compl. at 1). Plaintiff now seeks correction of Judge Nelson's Default Judgment Order, asserting that Judge Nelson violated due process and civil procedure by permitting the court to serve her with the Complaint, rather than requiring Guzman to effect personal service as required by the rules of civil procedure (Compl. at 2). Plaintiff brings these claims under 25 U.S.C. § 1301–3, certain provisions of the Indian Civil Rights Act (ICRA) (*id*. at 1). Plaintiff also alleges that there is no appellate court within the Ute Tribal Court system to redress such civil rights violations (*id*. at 2). Consequently, Plaintiff requests this court order that she was not properly served in the Tribal Court Case and that Judge Nelson's Default Judgment Order be corrected accordingly (*see id*. at 6). Defendant moves to dismiss on the grounds that: (1) Plaintiff failed to exhaust tribal court remedies, (2) this court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and (3) Plaintiff failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF 11 at 1).

## II.    LEGAL STANDARDS

Because Plaintiff is acting *pro se,* her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). However, it is not the court's function to assume the role of advocate on behalf of pro se litigants. *See Hall*, 935 F.2d at 1110. The court "will [also] not supply additional factual allegations to round out a plaintiff's complaint

2

or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). Furthermore, a party "cannot amend [its] complaint through a brief in opposition to [a] motion to dismiss." *Ayres v. Portfolio Recovery Associates, LLC*, No. 2:17-CV-01088-DN, 2018 WL 6706021, at *1 (D. Utah Dec. 20, 2018) (citing *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011)).

## III.    DISCUSSION

### A.  Defendant's Motion to Dismiss (ECF 11)

Defendant's Motion begins by asserting that Plaintiff's Complaint should be dismissed because she failed to exhaust tribal court remedies (ECF 11 at 2–3). Defendant then argues, what appears to be in the alternative, that the Complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim (*id*. at 3–5). Although Defendant's main argument is under the exhaustion doctrine, the Tenth Circuit has stated that courts should first consider whether they have subject matter jurisdiction before determining exhaustion, because without jurisdiction, the court cannot enter an abstention order. *See U.S. for Use and Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1492–93 (10th Cir. 1995) ("If the case does not clear [the] threshold [of subject matter jurisdiction], any issue as to whether the claims asserted should have been exhausted first in the tribal courts is academic." (citing *Stock West Corp. v. Taylor,* 964 F.2d 912, 917 (9th Cir.1992) (in banc) (holding court "must resolve [jurisdiction] before we can consider the [tribal exhaustion] issues raised in this appeal ... [, because] [i]f the district court did not have subject matter jurisdiction, it lacked the power to enter an abstention order")))). Therefore, the court first addresses Defendant's jurisdictional arguments.

### i.       *The court lacks subject matter jurisdiction.*

3

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), asserting that Plaintiff's Complaint has failed to plead facts sufficient to establish the court's jurisdiction over this matter. Federal district courts are courts of limited jurisdiction and may exercise authority only where Congress has conferred jurisdiction, principally through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Weitz Co., LLC v. Capitol Peak Lodge Condo. Ass'n, Inc.*, No. 13-CV-01179-REB-MJW, 2013 WL 6152421, at *2 (D. Colo. Nov. 22, 2013). "A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction can take two forms: a facial or a factual attack." *Grace Bible Fellowship v. Polis*, No. 23-1148, 2024 WL 1340201, at *2 (10th Cir. Mar. 29, 2024), *cert. denied*, 145 S. Ct. 379 (2024) (quoting *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020)). "A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction. By contrast, '[a] factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction.'" *Id.* When dealing with a factual attack, the district court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* And "the district court's 'exercise of such discretion does not convert a Rule 12(b)(1) motion into a summary[-]judgment motion unless resolution of the jurisdictional question is intertwined with the merits[.]'" *Id.*

Here, the Complaint asserts that the court has "jurisdiction under 28 U.S.C. § 1331, as there is complete diversity of citizenship between the parties and amount in controversy" (Compl. at 4). Plaintiff conflates 28 U.S.C. § 1331 (federal question jurisdiction) with 28 U.S.C. § 1332 (diversity

4

jurisdiction); nevertheless, the court considers whether Plaintiff has alleged jurisdiction under either statute.

### a. Federal Question Jurisdiction (28 U.S.C. § 1331)

The Complaint appears to assert federal-question jurisdiction by invoking certain provisions of the Indian Civil Rights Act of 1968 (ICRA), 25 U.S.C. §§ 1301–1303 (Compl. at 4 ("This Court has jurisdiction pursuant to the Civil Complaint, 25 U.S.C. 1301-3 ET SEQ., TO CORRECT Default Award[.]")). Defendant raises a facial attack by asserting that a prerequisite to invoking federal jurisdiction under ICRA is that "an individual must be subject to 'detention by order of an Indian tribe.'" (ECF 11 at 4 (quoting *LaRose v. United States Dep't of the Interior,* 659 F. Supp. 3d 996, 1002 (D. Minn. 2023)). Defendant argues that because the Complaint does not allege that Plaintiff is being detained, the Complaint has failed to plead sufficient facts to invoke jurisdiction under ICRA (*id*.). The undersigned agrees.

ICRA, "does not create a private cause of action against a tribal official." *Walton v. Tesuque Pueblo,* 443 F.3d 1274, 1278 (10th Cir. 2006) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 72 (1978)). "The only exception is that federal courts do have jurisdiction under the ICRA over habeas proceedings." *Id*. (citing *Santa Clara Pueblo*, 436 U.S. at 58); *see also* 25 U.S.C. § 1303 (stating that "the only remedial provision expressly supplied by Congress" is the writ of habeas corpus; *Chegup v. Ute Indian Tribe of Uintah and Ouray Reservation*, 28 F.4th 1051, 1063 (10th Cir. 2022) (finding that Post–*Santa Clara Pueblo*, federal review has been limited to habeas, leaving tribal courts to adjudicate any other civil rights claims). Therefore, even assuming all of

the facts in the Complaint are true, the Complaint fails to invoke federal jurisdiction under ICRA because it does not plead habeas relief, nor does it assert that Plaintiff is being detained.[2]

> b.  *Diversity Jurisdiction (28 U.S.C. § 1332).*

Moving to diversity jurisdiction under § 1332, federal courts may exercise diversity jurisdiction only where there is complete diversity of citizenship between all plaintiffs and defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendant raises a factual attack by asserting that diversity jurisdiction is lacking because the "Tribe is not a citizen of any state, and Judge Nelson, in his individual capacity, lives in the same state, Utah, as Plaintiff" (ECF 11 at 4). Plaintiff alleges complete diversity of citizenship between the parties and that she is a resident of Utah (Compl. at 3–4). Aside from this bald statement, the Complaint pleads no facts regarding Judge Nelson's citizenship; thus, it facially fails to allege diversity jurisdiction. Because the burden is on Plaintiff to establish jurisdiction, the court need not consider Defendant's factual assertion that Judge Nelson is a citizen of the same state as Plaintiff, as Plaintiff has failed to plead proper jurisdiction. Furthermore, the Complaint also fails to plausibly allege that the amount in controversy exceeds $75,000, and it is not clear that Plaintiff seeks any monetary relief. The Complaint, therefore, fails to plead a basis for diversity jurisdiction.

In conclusion, the undersigned recommends that Defendant's Motion to Dismiss (ECF 11) be GRANTED because the Complaint fails to allege federal question jurisdiction under 28 U.S.C. § 1331, nor diversity jurisdiction under 28 U.S.C. § 1332.

---

[2] As argued in Defendant's Motion (ECF 11 at 2 n.1, 4–5), without the availability of a remedy under ICRA, the undersigned agrees that Plaintiff has also failed to state a claim upon which relief can be granted. *See Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 885 (2d Cir. 1996) ("[T]he Court…held that federal enforcement of the substantive provisions of § 1302 is limited to those cases in which the remedy sought is a writ of habeas corpus.")).

### ii.    *Exhaustion of tribal remedies.*

As stated above, because the Complaint fails to allege subject matter jurisdiction, any issue regarding whether Plaintiff exhausted tribal court remedies is "academic." *U.S. for Use and Benefit of Gen. Rock & Sand Corp.*, 55 F.3d at 1492–93. That said, the court addresses Defendant's tribal exhaustion arguments below.

Under the Supreme Court case, *National Farmers Union Insurance Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 857 (1985), the court held that "exhaustion [of tribal court remedies"] is required before such a claim may be interested by a federal court." The Supreme Court further explained that "examination should be conducted in the first instance in the Tribal Court itself" as this promotes Congress's "policy of supporting tribal self-government and self-determination." *Id*. (citing *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 332 (1983)). This doctrine also promotes "the orderly administration of justice in the federal court . . . by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed." *Id*. at 856. And relevant to the instant case, this doctrine allows the Tribal Court the "full opportunity . . . to rectify any errors it may have made." *Id*. at 857.

Moreover, the exhaustion requirement applies even where the court has jurisdiction. *Id*. (finding that even if a federal question is raised, "exhaustion is required before such a claim may be entertained by a federal court). *See also Nygaard v. Taylor*, 563 F. Supp. 3d at 1019 ("Out of respect for the tribal court's authority, 'a federal court should not entertain a challenge to the jurisdiction of a tribal court until after a petitioner has exhausted its remedies in the tribal court. This 'tribal exhaustion doctrine' is prudential rather than jurisdictional.") (internal citations omitted). The Supreme Court explains that the remedy of dismissing the federal action or holding it in abeyance is left to the discretion of the trial court. *National Farmers Union*, 471 U.S. at 857.

Liberally construing Plaintiff's allegations, she appears to assert that tribal court remedies were exhausted because no appellate court was available to redress the civil right violations identified in her Complaint (Comp. at 2). Defendant contends that appellate remedies were available to address Plaintiff's claims (ECF 11 at 2 (citing Ute Indian Law and Order Code § 1-3-1(1) ("There is hereby established a Ute Indian Appellate Court, which may be referred to as the Appellate Court, to handle all appeals from the Tribal Juvenile Court and Tribal Court as provided elsewhere in this Law and Order Code."))). Without resolving this dispute, the court notes that it does appear that an appellant court was available to address Plaintiff's issues with Judge Nelson's Default Judgment. Even considering Plaintiff's allegations as true, and that Judge Nelson did commit the alleged procedural errors, these appear to be errors that should have been raised to the Ute Indian Appellate Court under Ute Indian Law and Order Code § 1-3-1(1). Furthermore, a Tribal Court should have the "full opportunity . . . to rectify any errors it may have made." *National Farmers Union*, 471 U.S. at 857.

Moreover, in her Sur-Reply, Plaintiff correctly highlights that the Supreme Court recognizes narrow exceptions to the exhaustion doctrine for bad faith, harassment, jurisdictional violations, or futility (ECF 16 at 1–2). *See Natl. Farmers Union*, 471 U.S. at 856 n. 21 (finding that the exhaustion doctrine would not be required: (1) where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, (2) where the action violates express jurisdictional prohibitions, (3) or where exhaustion would be futile). While Plaintiff correctly identifies exceptions to the exhaustion doctrine, no argument as to why any of the exceptions apply is alleged in the Complaint itself; Plaintiff only cites the exceptions in the Sur-Reply (ECF 16 at 1–2), which the court declines to consider. *See Ayres v. Portfolio Recovery Associates, LLC*, No. 2:17-CV-01088-DN, 2018 WL 6706021, at *1 (D. Utah Dec. 20, 2018) (finding that a party

8

"cannot amend [its] complaint through a brief in opposition to [a] motion to dismiss.") (citing *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011)). Therefore, even if Plaintiff had sufficiently pled this court has jurisdiction, it appears that the tribal court exhaustion doctrine applies, and the Complaint failed to plead any exceptions.

### B.  Plaintiff's Motion for Injunction and Motion to Stay (ECF 6)

Considering the undersigned's recommendation to GRANT Defendant's Motion to Dismiss, the undersigned RECOMMENDS that Plaintiff's Motion for Injunction and Motion to Stay (ECF 6) be DENIED as moot.

### RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED:

1.  That Defendant's Motion to Dismiss (ECF 11) be GRANTED;

2.  That Plaintiff's Motion for Injunction and Motion to Stay (ECF 6) be DENIED as moot; and

3.  That this action be DISMISSED.

### NOTICE

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 2 March 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

9